IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GREGORY DEAN MILLER,

           Plaintiff,

v.                                          CIVIL ACTION NO. 2:12-cv-09112

SOUTH CENTRAL REGIONAL JAIL,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant South Central Regional Jail's motion to dismiss [ECF 5.] For the reasons that follow, the Court **DENIES AS MOOT** the motion to dismiss.

*I.    BACKGROUND*

In his Complaint, Plaintiff, Gregory Dean Miller, alleges that in August 2011 he was incarcerated at the South Central Regional Jail ("SCRJ"), the sole Defendant named in the case.[1] The following factual allegations are drawn from Plaintiff's Complaint. The Court, as it must when deciding a motion to dismiss, accepts these facts as true.

On August 15, 2011, Plaintiff broke his jaw "apparently in [a] fight with another inmate and a fall in the shower." (ECF 1 at 1.) Plaintiff reported his injury to the "defendants." (*Id.*) The next day, X-rays of his jaw were taken—presumably by SCRJ medical staff. The X-Ray records indicated that Plaintiff's left mandible was possibly fractured. (*Id.* at 2.) "Defendants"

---

[1] Despite the fact that there is only one Defendant named in this case, the factual allegations throughout Plaintiff's Complaint reference unnamed, plural "defendants."

refused Plaintiff's requests to be taken to the hospital. (*Id.*) Plaintiff remained in the SCRJ's medical unit for "about a week" and did not receive any medical treatment during this time. (*Id.*) On August 24, 2011, a physician examined Plaintiff in the jail medical unit, who, for the first time, prescribed Plaintiff pain medication. The following day, Plaintiff was taken to a surgical center and his jaw was surgically repaired. Plaintiff was returned to the SCRJ's medical unit the same day and remained there for a little over a week. Plaintiff was then "placed in lockdown without treatment and contrary to doctor's orders" and, thereafter, returned to the general population "without treatment." (*Id.*) Plaintiff, again contrary to doctor's orders, was fed solid food during his convalescence. Plaintiff claims that he suffered permanent injuries as a consequence of "the delay in medical treatment by defendants." (*Id.* at 3.) Plaintiff alleges that his administrative complaints "have gone unheeded."[2] (*Id.*)

Plaintiff's Complaint contains two counts. The first count is titled "Count 1- Violation of W. Va. Code, Section". (*Id.* at 4.) Nowhere in this count, however, is there any reference to any West Virginia Code section. Rather the Count references the Cruel and Unusual Punishments Clause of the Eighth Amendment of the U.S. Constitution. Plaintiff's theory of liability in this Count is that the "defendants" acted with deliberate indifference to Plaintiff's medical condition by withholding and delaying surgery for his jaw. The second count is titled "Count 2 – Violation

---

[2] Plaintiff's Complaint also contains two seemingly incongruous allegations. First, Plaintiff alleges that in February 2009, Plaintiff was incarcerated at the SCRJ and "got into an argument with Corporal Ranson who threatened to 'shoot (plaintiff) in the head' if he saw him on the streets." (*Id.* at 3.) Corporal Ranson is not a named Defendant in this case and is not referenced anywhere else in the Complaint. Moreover, this allegation appears to be factually unconnected in time and character with Plaintiff's § 1983 claims which are predicated exclusively on the August 2011, injury to Plaintiff's jaw. Second, Plaintiff alleges that "the defendant Crook was aware, and/or in the exercise of reasonable diligence should have known, of the events set forth herein, and is directly and vicariously liable for the actions or inactions of the defendant employees of the South Central Regional Jail, as set forth herein." (*Id.*) There is no "Defendant Crook" or "defendant employees" in this action.

of Eighth Amendment– Section 1983 Failure to Protect." (*Id*. at 4.) Plaintiff's theory of liability is that the "defendants" violated their "Eighth Amendment duty" by failing to take reasonable measures to protect Plaintiff from "having his jaw broken by another inmate on August 15, 2011." (*Id.* at 5.) Plaintiff requests compensatory and punitive damages.

Defendant SCRJ filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant filed supporting and supplemental memoranda (ECF 6 & 9). Plaintiff filed his response to the motion to dismiss (ECF 8). Accordingly, the motion to dismiss is now ripe for disposition.

## *II.    DISCUSSION*

Defendant predicates its motion to dismiss on Federal Rule of Civil Procedure 12(b)(6) contending that Plaintiff has failed to state a claim upon which relief may be granted. (ECF 6 at 4–5.) Defendant states that dismissal is justified when the complaint's allegations clearly show that the plaintiff does not have a claim. (ECF 6 at 5.)

Defendant SCRJ is not a legal entity, but rather is a facility operated by the West Virginia Regional Jail and Correctional Facility Authority ("WVRJA"). As such it cannot be liable for any injury alleged by Plaintiff. *See Edwards v. State*, No. 2:00–0775, 2002 WL 34364404, at *5 (S.D. W. Va. Mar. 29, 2002) (Goodwin, J.).

For the sake of discussion, even if Plaintiff had named the WVRJA as a defendant in this suit, dismissal would still result because the WVRJA, as an agency of the State of West Virginia, would likely raise an immunity defense under the Eleventh Amendment of the U.S. Constitution.[3] *Cantley v. W. Va. Reg'l Jail and Corr. Facility Auth.*, 728 F.Supp.2d 803, 818 (S.D. W. Va. 2010)

---

3  Defendants did not argue Eleventh Amendment immunity in their motion.

(Chambers, J.); (Goodwin, Chief); *see also Roach v. Burke*, 825 F. Supp. 116, 118–19 (N.D. W. Va. 1993) (Maxwell, C.J.) (same). The Eleventh Amendment of the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment "extends also to 'state agents and state instrumentalities' or stated otherwise, to 'arms of the State' and State Officials." *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (citations omitted).

> In *Will v. Michigan. Dep't of State Police*, 491 U.S. 58, (1989), the Supreme Court held:
>
> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

(internal citation omitted).

In sum, because the SCRJ is not a legal entity, Plaintiff's Complaint must be dismissed on this basis. Assuming Plaintiff had named the WVRJA as the defendant, dismissal would likely result because the WVRJA is not a "person" under 42 U.S.C. § 1983 and, unless waived or overridden by Congress, enjoys Eleventh Amendment immunity from suit. Having found that Plaintiff has failed to name a prosecutable defendant, the Court need not address the various arguments Defendant raises in its motion to dismiss.

### *III. CONCLUSION*

Accordingly, the Court **DENIES AS MOOT** Defendant's motion to dismiss [ECF 5], **DISMISSES** Plaintiff's Complaint, and **DIRECTS** the Clerk's Office to remove this case from the Court's Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 9, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE